[No. 7230.  Decided August 22, 1908.]

ROBERT A. MITCHELL *et al., Appellants,* v. JOHN
LIDGERWOOD *et al., Interveners, Respondents,*
H. L. MOODY *et al., Defendants.*[1]

CANCELLATION OF INSTRUMENTS—DURESS—ANSWER—DEFENSES.  In
an action to set aside a conveyance on the ground of fraud and
duress, an answer alleging a voluntary sale upon full consideration
without fraud or duress states a good defense.

APPEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.  Er-
rors in the admission of evidence in a case tried by the court with-
out a jury are without prejudice where there was sufficient com-
petent evidence to sustain the findings.

Appeal from a judgment of the superior court for Spo-
kane county, Carey, J., entered June 28, 1907, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to set aside a convey-
ance of real property.  Affirmed.

*Salisbury & Kinsell,* for appellants.

*Davis & Davis,* for respondents.

HADLEY, C. J.—This is an action to set aside a certain
conveyance of real estate, on the alleged ground that the deed
was procured through fraud and duress.  The fee simple title
to the land was in the plaintiff Robert A. Mitchell, but it was
heavily incumbered with mortgages.  Among others who
held mortgages, was the defendant H. L. Moody.  The latter
also held a chattel mortgage upon crops growing upon the
land.  The complaint alleges that Moody caused the arrest
of the plaintiff Robert A. Mitchell on the charge that the lat-
ter had sold the mortgaged crops without Moody's consent.
It is further alleged that, while Mitchell was under arrest,
Moody requested him to sign a deed conveying all of said

[1]Reported in 97 Pac. 61.

real estate to Moody; that Moody informed Mitchell that, in consideration of the execution of the deed, he would have the charge against Mitchell dismissed, causing him to be released from custody, and would also pay to Mitchell $200 cash; but that if the latter would not sign the deed, then Moody would keep him in jail until he should do so; that Mitchell and his wife, the co-plaintiff herein, believing that Moody could do as he threatened, and being in great fear because of the arrest and imprisonment, executed the deed as requested by Moody. It is alleged that the $200 was paid, but that Mitchell was not discharged from custody. The value of the land conveyed is fixed in the complaint at $17,000. The allegations as to fraud and duress and promises to Mitchell of release from custody are all denied by Moody. The answer also alleges that the total incumbrances upon the land amounted to $14,407.12, which sum was assumed by Moody as a part of the consideration for the conveyance to him, and that said sum, together with the $200 paid Mitchell, was the full value of the land. It was also alleged that Moody bought the land and crops at the request of Mitchell, through the latter's attorney, upon terms voluntarily accepted by Mitchell. Prior to the trial, Moody and wife had contracted to convey a part of the land to John and Elmira Lidgerwood, and by intervention they were permitted to become parties defendant for the purpose of having their interest in the land protected. The cause was tried by the court without a jury, and the court entered findings of facts and conclusions of law upon which the judgment was rendered.

The essential facts found by the court, briefly stated, are as follows: Prior to and at the time of the conveyance, Moody held mortgages upon the land aggregating $8,000, with $373.34 accrued interest. He also held a chattel mortgage upon the crop for the year 1906 in the sum of $141.85. Mitchell sold a portion of the mortgaged crop without Moody's consent, and Moody caused his arrest therefor on complaint

filed before a justice of the peace. On the evening of the arrest, Mitchell called Moody over the telephone and asked why he had been arrested, and afterwards Mitchell instructed his attorney, J. W. Graves, to go to Moody and ascertain what, if anything, Moody would give him for his equity in the land, including the crops thereon. Graves called upon Moody and arranged for a sale of the equity and crops for $200, and on the next day the $200 was paid to Graves by Moody, and a warranty deed from Mitchell and wife conveying the land and crops to Moody was delivered to the latter by Graves. The warranty was subject to mortgages aggregating $5,641.85 and interest, which were then liens upon the land and not a part of the $8,000 and more of mortgages already held by Moody. During the entire transactions from and after the arrest, Moody had no talk with Mitchell except over the telephone as before stated, and did not see him at all. In the talk over the telephone, Moody made no threats, and he did not at any time make any threats or use any duress or force in obtaining the deed from Mitchell and wife. The deed was executed and delivered voluntarily. The negotiations leading up to its execution were initiated by Mitchell, and the entire sale of the land and crops was effected, so far as Moody was concerned, by negotiations with Graves as attorney for Mitchell. The equity of Mitchell in the land and crops was of the value of about $200. The arrest of Mitchell was a lawful one for a just cause, and was not obtained by Moody for an unlawful purpose. The interveners purchased a part of the land without any notice of any claim against the same by the Mitchells. From the foregoing facts, the court concluded that the interveners are entitled to protection in their contract for the purchase of a part of the property, and that the defendants Moody are entitled to judgment against the plaintiffs for their costs. Judgment was entered accordingly, and this appeal is in behalf of the plaintiffs.

It is first assigned that the court erred in overruling appellants' motion against respondents' answer. The motion was to strike parts of the answer, on the asserted ground that certain allegations were inconsistent, redundant, and uncertain. We think the points are not well taken, and we regard them of such minor importance that we believe no useful purpose would be served by using the necessary space to discuss them.

It is next urged that it was error to overrule appellants' demurrer to the answer. The argument is that the answer does not state a defense to the cause of action stated in the complaint. Other discussion of this point is not required here, except to refer to the foregoing statement of the issues as joined by the allegations of the complaint, and such allegations in the answer as we have hereinbefore indicated. The latter allegations clearly state a defense to appellants' cause of action, and it was therefore right to overrule the demurrer to the answer.

A number of errors are assigned on the introduction of testimony. Much space would be required to discuss all these in detail, and inasmuch as the cause was tried by the court without a jury, we do not find error sufficiently prejudicial in its character to affect the result. There was sufficient evidence of unquestioned standing to authorize the result reached, if the court believed it and adopted it.

A number of the court's findings are attacked. We have read and considered all the testimony and, inasmuch as we find ample competent evidence to sustain all the findings, we shall not disturb them.

The judgment in all respects properly followed from the findings, and it is affirmed.

FULLERTON, MOUNT, and CROW, JJ., concur.